DANIEL G. BOGDEN
United States Attorney
ALEXANDRA MICHAEL
Assistant United States Attorney
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 388-6336

## UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Damarise MCSWAIN ) <br> Defendant ) | Case No. 2:15-CR-00015-RFB-NJK-1 <br><br> PETITION FOR ACTION <br> ON CONDITIONS OF <br> <u>PRETRIAL RELEASE</u> |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Zack Bowen</u>, Pretrial Services Officer. I have reviewed that Petition and I concur in the recommended action requested of the Court.

Dated this 22nd day of May, 2015.

DANIEL G. BOGDEN
United States Attorney

By  /S/
ALEXANDRA MICHAEL
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. Damarise MCSWAIN                      Docket No. 2:15-CR-00015-RFB-NJK-1

Petition for Action on Conditions of Pretrial Release

    COMES NOW Zack Bowen, UNITED STATES PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Damarise MCSWAIN, who was placed under pretrial release supervision by U.S. Magistrate Judge C. W. Hoffman, Jr. in the Court at Las Vegas, Nevada on February 10, 2015 on a Personal Recognizance Bond, with the following conditions:

1. Pretrial Services Supervision.
2. Maintain residence with grandmother and do not move without prior approval of Pretrial Services.
3. Actively seek and maintain lawful and verifiable employment and/or maintain or commence an education or vocational program and notify Pretrial Services prior to any change.
4. Refrain from the use or possession of a firearm or destructive device or other dangerous weapon.
5. The defendant shall undergo medical or psychiatric treatment.
6. The defendant shall submit to a mental health evaluation and participate in any recommended medical or psychiatric treatment as directed by Pretrial Services. Defendant is to pay costs associated with treatment, based upon ability to pay.
7. Satisfy outstanding warrant(s) within sixty (60) days and provide proof to Pretrial Services.
8. The defendant shall be monitored by the form of location monitoring indicated below and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and/or the pretrial services officer.

        • Active GPS Monitoring

This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:

        • You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention)

On February 27, 2015 the defendant's bond was modified to include the following additional conditions of release:

1. Alcohol abstinence.
2. Do not use or possess any illegal controlled substances.
3. Do not associate with anyone using or possessing illegal controlled substances.
4. Submit to substance abuse testing as directed by Pretrial Services and pay associated costs, based upon ability to pay.

5.     The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable and pay associated costs, based upon ability to pay.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On May 11, 2015 our office was advised that the defendant incurred several incident reports while at the inpatient treatment facility by being verbally aggressive and making threatening and derogatory statements towards female clients at the inpatient treatment facility.

2. On May 20, 2015 our office was advised that the defendant submitted a positive drug test and admitted use of "Xanax."

3. On May 22, 2015 our office was advised that the defendant incurred an incident report by acting aggressive, being confrontational, and threatened inpatient treatment staff members.

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT BE ISSUED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this 22nd day of May, 2015 and ordered filed and made a part of the records in the above case.

_____
Honorable Cam Ferenbach
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 22nd day of May, 2015.

Respectfully Submitted,

_____
Zack Bowen
United States Pretrial Services Officer

Place: <u>Las Vegas, Nevada</u>