**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:15-cr-00015-RGB-NKJ |
| vs. ) | **ORDER** |
| DAMARISE MCSWAINE, ) a/k/a Damarise Lashawn-Tafarimcswain, ) | |
| Defendant. ) | |

This matter is before the Court on the government's second petition for revocation of pretrial release for Defendant Damarise McSwaine, a/k/a Damarise Lashawn-Tafarimcswain ("defendant"), dated May 22, 2015. See Doc. # 41. Defendant made his initial appearance on the petition on May 26, 2015, wherein he was detained pending revocation proceedings under 18 U.S.C. § 3148. See Doc. # 43; Doc. # 44.

**BACKGROUND**

An arrest warrant return was first executed as to defendant on February 6, 2015. See Doc. # 13. On February 10, 2015, defendant appeared before this Court and was released on bond, subject to Pretrial Services supervision, along with several conditions of pretrial release. See Doc. # 14; see also Doc. # 15. The Court subsequently modified these conditions. See Doc. # 23; Doc. # 24. Then, on March 6, 2015, this Court issued an arrest warrant based on allegations in the government's petition for action on conditions of pretrial release. See Docs. # 25-27. The government's petition alleges that defendant failed to appear for his mental health evaluation, failed to report to Southern Nevada Mental

Health Services, failed to timely return to his residence, failed to follow his pre-approved schedule, traveled to unknown and unauthorized locations, and tested positive for THC. See Doc. # 25. On March 9, 2015, defendant appeared before the Court on the petition, and was detained pending a revocation hearing pursuant to 18 U.S.C. § 3148. See Doc. # 30. The revocation hearing, initially scheduled on March 30, 2015, was continued to April 6, 2015, to allow Pretrial Services to investigate the availability of bed space and the propriety of the inpatient treatment facility in Fallon, Nevada. See Doc. # 35. At the revocation hearing held on April 6, the Court released defendant on bond, with all conditions previously imposed and the additional condition that defendant reside in the inpatient treatment facility in Fallon, Nevada. See Doc. # 36. Thereafter, on May 26, 2015, the Court issued a sealed arrest warrant for defendant based on allegations in the government's sealed petition for action on conditions of pretrial release. See Doc. # 41; Doc. # 42. On that same date, defendant appeared before the Court in Reno, wherein he was detained pending another revocation hearing pursuant to 18 U.S.C. § 3148. See Doc. # 43; Doc. # 44.

## **DISCUSSION**

When a condition of pretrial release is violated, a request to revoke release is heard under 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to revocation of release, an order of detention, and a prosecution for contempt of court." See 18 U.S.C. § 3148(a). Section 3148 further provides that:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
>
> (1) finds that there is–
>
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that–
>
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

>	(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b)(1) and (2).

Section 3148 gives the judicial officer a choice between two alternatives. First, if there is probable cause to believe that a defendant has committed a crime while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(1)(A). There is no limitation in § 3148(b) regarding the types of categories of federal, state, or local crimes that will support an order revoking pretrial release. United States v. Soria, No. 2:11-CR-00156-LDG, 2011 WL 3651272, at *6 (D. Nev. Aug. 17, 2011). Although preferable, the failure of the government to identify the specific crimes allegedly committed while on release is not fatal to revocation. Id. at *8. Second, the court may find that there is clear and convincing evidence the person has violated the terms of release. 18 U.S.C. § 3148(b)(1)(B). If so, the court must determine, based on the factors set forth in § 3142(g), whether "there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A). Alternatively, if there is clear and convincing evidence of a violation and the court determines that "the person is unlikely to abide by any condition or combination of conditions of release," revocation is appropriate. 18 U.S.C. § 3148(b)(2)(B).

Here, the government's sealed petition for action on conditions of release indicates that revocation proceedings were initiated because defendant failed to comply with his pretrial release conditions. There is no allegation that defendant committed a federal, state, or local crime. Thus, the revocation hearing went forward on June 30, 2015, pursuant to 18 U.S.C. § 3148(b)(1)(B). Significantly, the Court finds no dispute with respect to defendant having violated the terms of his

release. Thus, the Court now determines, based on the factors set forth in § 3142(g): (1) whether there is a condition or combination of conditions that assures the defendant will not flee and will not pose a danger to the community; or (2) whether the person is unlikely to abide by any condition or combination of conditions. 18 U.S.C § 3148 (b)(2)(A)-(B). Upon review, the Court finds by a preponderance of the evidence that defendant has demonstrated himself unlikely to abide by any conditions or combination of conditions, especially in light of defendant's previous violations of his pretrial release conditions. Accordingly, this Court revokes defendant's pretrial release.

Based on the foregoing, **IT IS HEREBY ORDERED** that defendant's pretrial release is **revoked**.

**IT IS FURTHER ORDERED** that defendant be **detained** pending trial.

DATED: July 1, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**