# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Damarise McSwain**

Case Number: **2:15CR00015**

Name of Sentencing Judicial Officer: **Honorable Richard F. Boulware**

Date of Original Sentence: **July 22, 2016**

Original Offense: **Felon in Possession of a Firearm, a Class C Felony**

Original Sentence: **15 Months prison, followed by 36 Months Supervised Release.**

Date of Prior Revocation: **August 17, 2018**

Revocation Sentence: **1 Month prison, followed by 24 Months Supervised Release**

Date Supervision Commenced: **September 7, 2018**

Name of Assigned Judicial Officer: **Honorable Richard F. Boulware**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Mandatory Condition: You must refrain from any unlawful use of a controlled substance.**

   On September 10, 2018, Mr. McSwain reported to the U.S. Probation office for his initial reporting appointment. An initial drug test was collected which tested positive for marijuana, amphetamines and methamphetamines. Mr. McSwain reported consuming marijuana and methamphetamine daily while serving his thirty (30) day revocation sentence.

RE: Damarise McSwain

On September 17, 2018, Mr. McSwain submitted a second urine specimen for drug testing which tested positive for marijuana only.

On October 8, 2018, Mr. McSwain submitted a urine specimen which field tested positive for methamphetamine and marijuana. He signed an admission of use form, admitting smoking both illicit substances on October 4, 2018.

On October 15, 2018, Mr. McSwain submitted a urine specimen for drug testing. The specimen field tested positive for marijuana and methamphetamine. On October 16, 2018, he again submitted a positive drug test for methamphetamine and marijuana. He signed an admission of use form; admitting smoking marijuana and methamphetamine on October 15, 2018.

On November 14, 2018, Mr. McSwain submitted a urine specimen for drug testing. The specimen field tested positive for marijuana and methamphetamine. Mr. McSwain admitted he has continued to smoke marijuana and methamphetamine. This specimen was confirmed positive by ALERE laboratory.

*For the purpose of applying the provisions of 18 U.S.C. 3565(b)(4) or 3583(g)(4) (mandatory revocation for submitting more than three (3) positive drug tests in a 12 month period), this is the defendant's fifth (5th) qualifying positive test.*

*If the Court finds that the positive drug test(s) constitutes possession of a controlled substance the Court is required to revoke supervision and impose a sentence that includes a term of imprisonment. 18 U.S.C. 3565(b), 3583(g). The Court shall also consider whether the availability of appropriate substance abuse programs, or the offender's current or past participation in such programs warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. 3565(b), 3583(g). 18 U.S.C. 3563(a), 3583(d). US v Hammonds, 370 F.3d 1032 (10th Cir. 2004).*

2. **Special Condition: Drug Testing – You must submit to daily substance abuse testing to determine if you have used prohibited substance.**

   On November 8, 2018, the Court ordered Mr. McSwain to be drug tested daily. On November 14, 2018, this officer reviewed drug testing procedures with Mr. McSwain. I confirmed with him testing procedures through Westcare. Mr. McSwain has failed to attend drug testing since November 15, 2018. He did not have permission to miss these drug testing appointments.

3. **Special Condition: Unsupervised Contact – You shall not have any unsupervised contact with your son.**

   On November 26, 2018, Mr. McSwain's grandmother (Roxanna Hemming) contacted this officer and reported that Mr. McSwain needs to vacate her residence. She reported on November 24, 2018, she returned home and found him home alone holding his son

RE: Damarise McSwain

Prob12C
D/NV Form
Rev. March 2017

while smoking marijuana. Additionally, she reported that he had taken her jewelry to a Pawn Shop without her permission. She expressed frustration with him taking her belongings without permission and smoking marijuana.

NOTE: Review of the offender's GPS movements reflect on November 23, 2018 at 12:30 pm he was at Super Pawn located at 300 N. Nellis, Las Vegas, NV.

4. **Standard Condition #2: After initially reporting to the probation office, you will receive instructions from the court or probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.**

On September 10, 2018, Mr. McSwain arrived at the U.S. Probation office at approximately 4:50 p.m. He was directed to report on September 11, 2018 at 9 a.m. to review his intake paperwork. Mr. McSwain did not report as scheduled. He reported at approximately 4 p.m.

On September 13, 2018, at 11:30 a.m., this officer attempted meeting with Mr. McSwain at his residence. There was no answer at his residence. Subsequently this officer contacted Mr. McSwain by phone and scheduled to meet with him at his residence by 1 p.m. Mr. McSwain failed to return to his residence by 1 p.m. At 4:50 p.m., he contacted me and reported he had returned to his residence.

5. **Special Condition #8: You will be monitored by GPS location monitoring technology indicated below for a period of ten months and you must follow the rules and regulations of the location monitoring program – Curfew of 9 pm to 8 am. You must pay the costs of the program based upon your ability to pay.**

On September 14, 2018, Mr. McSwain was placed on GPS monitoring to monitor his curfew restriction. A range test was completed which confirmed the monitoring equipment would pick up the monitoring bracelet while he was inside his residence.

On September 15, 2018, at 9:31 p.m. this officer was notified that McSwain was not home or in range of his location monitoring equipment. Subsequently, this officer contacted Mr. McSwain by phone. When he answered the call, this officer could hear car doors closing. While speaking with him, this officer was notified that he had returned to his residence. He reported he was home but was outside his residence. He was directed to be inside the residence and in range of the monitoring equipment.

On September 24, 2018 at 9:31 p.m. this officer was again notified that McSwain was not home or in range of his monitoring equipment. This officer contacted him by phone and inquired where he was at. He reported he was home. While talking with him on the phone, this officer was notified by the monitoring equipment of him returning to his residence/coming in range of the monitoring equipment. He was again reminded to be inside his residence during his restricted times.

RE: Damarise McSwain

Prob12C
D/NV Form
Rev. March 2017

On November 12, 2018 at 9:31 p.m., this officer was again notified that Mr. McSwain was not home or in range of his monitoring equipment. This officer contacted him by phone and inquired where he was at. He reported he was walking home. While speaking with Mr. McSwain his monitoring equipment reflected him returning to his residence.

6. **Reside at Residential Re-Entry Center or an Approved Residence with Curfew – You shall be required to reside at the Residential Re-entry Center or an approved residence as approved by probation with Curfew of 9 p.m. to 8 a.m. for the first three months of supervision and upon release from custody. If Defendant has employment that conflicts with this curfew, curfew may be modified.**

   On November 8, 2018, Mr. McSwain appeared before the Court for a status hearing. At that time the Court ordered Mr. McSwain to obtain an alternative residence or be placed at the residential re-entry center.

   On November 26, 2018, Mr. McSwain's grandmother contacted this officer. She reported Mr. McSwain needed to obtain an alternative residence due to her belief that he was stealing from her. Additionally, she reported he has been conducting himself in a threatening manner.

   On November 27, 2018 at approximately 9:45 a.m., Mr. McSwain was directed to report to the residential reentry center by 1 p.m. Mr. McSwain failed to report as instructed. This officer contacted Mr. McSwain due to him failing to report as instructed. He was again directed to report to the residential reentry center by 5 p.m. He again failed to report as instructed. At approximately 8:45 p.m. Mr. McSwain contacted this officer advising he was getting ready to depart his residence to arrive at the residential reentry center. Mr. McSwain failed to report to the residential reentry center.

   On November 28, 2018, Mr. McSwain was again directed to report to the residential reentry center. He failed to report to the residential reentry center as instructed.

   Mr. McSwain refuses to enter the residential reentry center as directed. When this officer speaks with Mr. McSwain about reporting to the residential reentry center, he reports not having transportation to the facility. Mr. McSwain's GPS movements reflect him leaving his unapproved residence and traveling about the community.

**U.S. Probation Officer Recommendation:**

The term of supervision should be:  ☒ Revoked

RE: **Damarise McSwain**

Prob12C
D/NV Form
Rev. March 2017

      I declare under penalty of perjury that the information contained herein is true and correct,

      Executed on **November 28, 2018**

_____
Scott Phillips
Senior United States Probation Officer

Approved:

Robert G. Aquino
2018.11.29
14:33:22 -08'00'
_____
Robert Aquino
Supervisory United States Probation Officer

## THE COURT ORDERS

☐   No Action.
☑   The issuance of a warrant.
☐   The issuance of a summons.
☐   Other:

_____
Signature of Judicial Officer

      December 1, 2018
      Date

RE: **Damarise McSwain**

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. DAMARISE MCSWAIN, 2:15CR00015

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### November 28, 2018

On August 17, 2018, Mr. McSwain appeared before the Court for his Final Revocation Hearing. He stipulated to the following violation conduct:

- Failure to reside at the residential reentry center
- Failing to participate in substance abuse treatment services
- Failing to participate in mental health treatment services
- Failing to comply with drug testing
- Failing to report change of residence.

The Court departed downward from the policy range of four (4) to ten (10) months and sentenced Mr. McSwain to one (1) month custody. A two (2) year term of supervised release was ordered to follow.

Following Mr. McSwain starting his second term of supervised release on September 7, 2018, the following resources have been implemented to address his needs:

1. Mental Health and Substance Abuse Assessment (successfully completed)
2. Dual Diagnosis outpatient individual counseling (is not attending as scheduled)
3. Dual Diagnosis outpatient group counseling (is not attending as scheduled)
4. Daily Intensive Outpatient Treatment (has not attended)
5. Medicaid (successfully provided)
6. Bridge Case Management services (has not attended)
7. Mental health prescription services (refused services)
8. Transportation assistance through Bridge Counseling (he refused to use resource)
9. Inpatient substance abuse (refused treatment & modifications by the USPO)
10. Westcare drug testing (refused to attend)
11. Residential Reentry Center placement (refused to enter the placement)
12. Location Monitoring curfew restrictions (actively using illicit substances while in the program, not an appropriate participant for the program).

Considering Mr. McSwain's ongoing violation conduct and despite the controlling and correctional strategies ordered the Court (as reflected above); he continues to engage in criminal conduct related to his drug possession/use. He appears to be unmotivated to utilize resources. Without Mr. McSwain having "buy-in" (motivation) to utilize rehabilitative services, this officer believes Mr. McSwain's compliance with the Court's orders will not improve.

His possession and use of illicit substances while being a care giver of his child combined with his poor relationship with his grandmother reflects him posing a significant harm to the

RE: Damarise McSwain

Prob12C
D/NV Form
Rev. March 2017

community. This officer believes a warrant should be issued for Mr. McSwain to be placed in custody to reduce risks associated with his behavior. Further this officer believes Mr. McSwain should remain in custody pending final resolution of this matter.

Respectfully submitted,

_____
Scott Phillips
Senior United States Probation Officer

Approved:

_____  Robert G. Aquino
                                 2018.11.29 14:33:47
                                 -08'00'
Robert Aquino
Supervisory United States Probation Officer